UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KENDALL BROWNE,

        Plaintiff,                            ORDER
-against-                               13-CV-1679 (JG)(RLM)

ERIC SCHNEIDERMAN, as Attorney
General of the United States,

        Defendant.
----------------------------------------------------------X
JOHN GLEESON, U.S.D.J.:

        Kendall Browne, incarcerated at the George Motchan Detention Center on Rikers Island[1] filed a *pro se* action on March 20, 2013. His submission did not include either the requisite filing fee, *see* 28 U.S.C. 1914(a) (establishing a $350 filing fee in civil cases), or an *in forma pauperis* ("IFP") application and Prisoner Authorization form. By letter dated March 28, 2013, the Clerk of Court instructed Browne that, in order to proceed, he must either pay a filing fee or return the completed IFP application and the Prisoner Authorization form within 14 days.[2] To date, Browne has not submitted the forms required by the Court's March 28 letter and the time for doing so has passed. Since Browne may not initiate a civil action in this Court without either paying the $350 filing fee up front or filling out an IFP application and Prisoner

---

[1] According to the New York City Department of Corrections Inmate Lookup, Brown was released to the custody of the New York State Department of Corrections on April 25, 2013. *See* NYC Dep't of Correction Inmate Look Up Service, http://a073-ils-web.nyc.gov/inmatelookup/ils/pages/common/find.jsf (last visited May 1, 2013). Browne is presently being held at Downstate Correctional Facility. *See* NY State Dep't of Corr. Inmate Look Lookup, http://www.doccs.ny.gov/inmateinfo.html (last visited: May 1, 2013). The Clerk of Court is respectfully requested to update the docket to reflect Brown's current mailing address: Mr. Kendall Browne, 13A1808, Downstate Correctional Facility, 121 Red Schoolhouse Road, P.O. Box 445, Fishkill, New York 12524-0445. Browne is reminded that, going forward, it is his responsibility to keep the Court apprised of his current address.

[2] The Prison Litigation Reform Act, 42 U. S. C. §1997e *et seq* requires all prisoners to pay court filing fees in full. If a prisoner does not have the money up to pay the filing fee up front, prisoners may pay the filing fee over time through monthly installments. A Prisoner Authorization Form authorizes the facility to send to the Clerk of the Court a copy of his prison account statement for the past six months and authorizes the facility to

Authorization form, the action is dismissed without prejudice to re-filing. *See* 28 U.S.C. 1915(b) (providing that a prisoner must certify what assets are available in his prison trust account before he may bring a civil action without prepayment of fees).[3]

       So ordered.

                                        John Gleeson, U.S.D.J.

Dated: May 2, 2013
       Brooklyn, New York

---

calculate and deduct amounts from a prison trust fund toward the Court $350.00 filing fee.

[3] Browne's submission appears to challenge the constitutionality of a series of New York State Penal laws. *See* Not. of Deficient Filing, ECF No. 1, Attach 3. I note that the Supreme Court of the United States has held that federal courts generally must abstain from hearing lawsuits challenging the constitutionality of state statutes when the state proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).